STATE *v.* ROBERT WATERMAN.

October Term, 1905.

Present: ROWELL, C. J., TYLER, WATSON, and HASELTON, JJ.

Opinion filed February 2, 1906.

*Criminal Law—Grand Jury—Disqualification of Member—*
*Plea in Abatement—Sufficiency—Struck Juries—V. S.*
*1127, 1134, 1137.*

V. S. 1127, providing that a person drawn from a town of more than two hundred inhabitants to serve as a petit juror is disqualified from again serving as juror for two years from such drawing, does not apply to struck juries.

V. S. 1134, 1137, regards a struck jury as "drawn," and calls it a "special jury," and its individual members "special jurors."

A plea in abatement must not only fully answer what is adversely alleged, but must also anticipate and exclude all supposable matter that would, if alleged on the other side, defeat it.

To an indictment for murder the respondent pleaded in abatement that one of the grand jurors who participated in finding and presenting said indictment was drawn within two years to serve as a petit juror from a town of more than two hundred inhabitants, "without this that said" grand juror, during the session of court at which said indictment was found and presented, "was summoned as a petit juror to serve at said session of said court." *Held,* bad on demurrer because the *absque hoc* fails to negative that said grand juror was drawn as a special struck juror; that it is not enough to negative that he was summoned during said session, for a struck jury is summoned before the term, except talesmen to fill the panel.

INDICTMENT for murder. Heard on demurrer to plea in abatement of the indictment at the October Term, 1905, Essex County, *Powers,* J., presiding. Demurrer sustained, and plea adjudged insufficient. Respondent excepted.

*Harland B. Howe* for the respondent.

Blodgett was disqualified to act as grand juror, and the indictment is illegal. *State* v. *Ward,* 60 Vt. 142; *Bank* v. *Post,* 66 Vt. 237; *Briggs* v. *Georgia,* 15 Vt. 61; *Quinn* v. *Halbert,* 52 Vt. 367; *Richards* v. *Moore,* 60 Vt. 440; *State* v. *Brewster,* 70 Vt. 341; *Mann* v. *Fairlee,* 44 Vt. 672; *State* v. *Wilcox,* 104 N. C. 847, 10 S. E. 453; *Com.* v. *Cherry,* 2 Va. Cas. 20; *State* v. *Cole,* 17 Wis. 674; *State* v. *Herndon,* 5 Blackf. 75; *Barney* v. *State,* 20 Miss. (12 Smedes & M.) 68; *State* v. *Rockafellow,* 6 N. J. Law, (1 Halst.) 332; *Jackson* v. *State,* 11 Tex. 261; *Stanley* v. *State,* 16 Tex. 557; *Kerby* v. *Com.,* 7 Leigh 747; *State* v. *Durham Fertilizer Company,* 111 N. C. 658, 16 S. E. 231; *State* v. *Davis,* 12 R. I. 492, 34 Am. Rep. 704; *U. S.* v. *Hammond,* Fed. Cas. No. 15294;

*Com.* v. *Smith,* 73 Ky. (10 Bush) 476; *State* v. *Duncan,* 15 Tenn. (7 Yerg.) 271; *State* v. *Kennedy,* 8 Rob. 590; *State* v. *Jones,* 8 Rob. 616; *State* v. *Parks,* 21 La. Ann. 251; *State* v. *Rowland,* 36 La. Ann. 193; *Com.* v. *Long,* 2 Va. Cas. 318; *Barger* v. *State,* 6 Blackf. 188; *State* v. *Middleton,* 5 Port. 484; *State* v. *Segar,* 7 Port. 167; *State* v. *Clarissa,* 11 Ala. 57; *Com.* v. *St. Clair,* 1 Grat. 556; *Doyle* v. *State,* 17 Ohio 222; *State* v. *Duncan,* Yerg. 527; *State* v. *Bryant,* 10 Yerg. 271; *State* v. *Brooks,* 9 Ala. 10; *State* v. *Symonds,* 36 Me. 128; *State* v. *Martin,* 2 Ind. 101; *State* v. *Brown,* 5 Eng. 78; *Stokes* v. *State,* 24 Miss. 621; *McQuillen* v. *State,* (8 Sm. & M. 587).

The question of the disqualification of a grand juror is properly raised by plea in abatement. *State* v. *Newfane,* 12 Vt. 422; *State* v. *Champeau,* 52 Vt. 313; *State* v. *Cox,* 52 Vt. 471; *State* v. *Brainard,* 56 Vt. 532; *State* v. *Emery,* 59 Vt. 84; *State* v. *Ward,* 60 Vt. 142; *State* v. *Brewster,* 70 Vt. 341; *State* v. *Johnson,* 72 Vt. 118.

*Clarke C. Fitts,* Attorney General, *Harry B. Amey,* State's Attorney, and *Harry Blodgett* for the State.

If any irregularity enters into the drawing or impaneling of a grand jury, it must be shown to have worked an injury, to be available. *State* v. *Ward,* 60 Vt. 142; *State* v. *Champeau,* 52 Vt. 313; *State* v. *Cox,* 52 Vt. 471; *State* v. *Brewster,* 70 Vt. 351; *Dolan* v. *People,* 64 N. Y. 485; *Com.* v. *Moran,* 130 Mass. 281.

The general rule is, that mere irregularity in the proceedings by which a juror gets upon the panel does not affect the validity of his action. *State* v. *Brainard,* 56 Vt. 552; *Com.* v. *Brown,* 147 Mass. 585.

Rowell, C. J.    This is an indictment for murder.    The statute provides that "each person drawn by the sheriff or his deputy to serve as grand or petit juror from a town containing more than two hundred inhabitants, shall be disqualified from again serving as juror for two years from such drawing." V. S. 1127.    Relying on this statute, the prisoner pleads in abatement that Burt L. Blodgett, one of the grand jurors who participated in finding and presenting said indictment, was drawn within two years to serve as a petit juror from the town of Lemington, which contained more than two hundred inhabitants.    The sufficiency of this plea is challenged by demurrer. It alleges, in substance, as inducement, that on the 12th day of March, A. D. 1904, and before the session of the March term, 1904, of the Essex County Court, said Blodgett was drawn and summoned to serve as petit juror at said session of said court, and did then and there attend as such juror, and qualified, acted, and served as such through said term; "without this, that said Blodgett was, during said last mentioned session of said court, summoned as a petit juror to serve at said session of said court."

A plea in abatement must not only fully answer what is necessary to be answered, but must also anticipate and exclude all supposable matter that would, if alleged on the other side, defeat it.    Tested by this rule, the plea is bad, because the *absque hoc* does not perform its office by curing the argumentativeness of the inducement by negating that Blodgett was drawn as a special or struck juror; for to such a juror, the statute relied upon does not apply.    It is not enough to negate that Blodgett was summoned during said session, for a struck jury is to be summoned before the term, the same as an ordinary petit jury, except talesmen summoned to fill the panel.

The argument that struck jurors are not drawn, but are selected and listed by the assistant judges and the county

clerk, acting as commissioners; that there is no such thing in our law as a special juror; and that therefore it is sufficient to negate that Blodgett was summoned during the term,—is not well founded, for the statute speaks of and regards a struck jury as "drawn," and calls it a "special jury," and its individual members "special jurors." V. S. 1134, 1137.

There are other objections made to this plea, but they need not be considered. The other pleas are waived.

*Affirmed and remanded.*